IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FL

CASE NO: 2016-026974-CA-01

HUGO MALTEZ,

    Plaintiff,

vs.

SKY LEASE I INC., a Florida corporation

    Defendant.

_____/

JD 2259
11/7 @ 1:10pm

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are hereby commanded to serve this Summons and a copy of the Complaint and Request for Production upon Defendant, **SKY LEASE I, INC.**

    TO:    Sky Lease I, Inc., c/o
               Registered Agent
               Jarvis & Associates, P.A.
               1550 Madruga Avenue
               Suite 220
               Coral Gables, FL 33146

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this Summons is served upon you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" Richard J. Caldwell, at the address below:

### IMPORTANTE

    Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a

EXHIBIT 1

tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si non conoce a un abogado, puede llamar a una de las officinas de asistencia lega que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Demandate o Abogado de Demanadante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vour este oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre las cause ainsi que votre salaire, votre argent, et vos biens, peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il ya d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite faire parvenir, ou expedier une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:  RICHARD J. CALDWELL, Esq.
66 West Flagler Street, Suite #601
Miami, FL 33130

(305) 529-1040

OCT 3 1 2016

DATED THIS _____ day of October, 2016.

CLERK OF THE CIRCUIT COURT

By: _____
as Deputy Clerk

Filing # 47757957 E-Filed 10/18/2016 01:34:28 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

HUGO MALTEZ,

    Plaintiff,

vs.                          CASE NO. 2016-026974-CA-01

SKY LEASE I INC., a Florida corporation,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, HUGO MALTEZ, (hereinafter referred to as "Plaintiff"), was a former employee of Defendant, SKY LEASE I, (also referred to as "Defendant"), and brings this action on behalf of himself and other current employees and former employees of Defendants similar situated to his wages pursuant to Florida Statute §448.08, (2014) and for overtime compensation and other relief under the Fair Labor Standards Act ('FLSA"), as amended, 29 U.S.C § 216 (b) plaintiff performed non-exempt duties for Defendants in Miami Dade County, Florida.

1. This is an action for damages in excess of $15,000.00 and therefore within the jurisdiction of the Circuit Court.

2. At all times material hereto the Plaintiff was a resident of Miami Dade County.

3. The Defendant, SKY LEASE I, at all times material hereto owned and/or operated a business within the jurisdiction of this Court, including doing business in Miami Dade County.

### COUNT I – WAGES PURSUANT TO FLORIDA STATUTE 448.08

The Plaintiff, HUGO MALTEZ, re-alleges and reaffirms paragraphs 1 through 3 as if fully set forth herein, and further alleges the following:

4. The Plaintiff was employed with the Defendant Corporation from December 2014 to May of 2016.

5. The Defendant Corporation failed to pay the Plaintiff's wages including vacation pay, benefits, and regular time for the last three years. The Plaintiff demanded his wages but the Defendant refused to honor its duty to pay the wages owed.

6. The Plaintiff has retained the undersigned counsel and is entitled to attorney's fees pursuant to §448.08, F.S.

7. The Plaintiff will incur reasonable attorney's fees and costs and is entitled to recover attorney's fees as incurred and costs expended herein.

**WHEREFORE**, the Plaintiff, **HUGO MALTEZ**, demands judgment against the Defendant, **SKY LEASE I INC.**, for wages, attorney's fees pursuant to Florida Statute §448.08 cost of this action, and any other relief this Court deems appropriate.

## COUNT II

## RECOVERY OF OVERTIME COMPENSATION

The Plaintiff, **HUGO MALTEZ**, re-alleges and reaffirms paragraphs 1 through 3 as if fully set forth herein, and further alleges the following:

8. This action is brought to recover from Defendant overtime compensation, liquidated damages, an enforceable judgment, and the costs and reasonable attorney's fees of this action under the provisions of the FLSA, 29 U.S.C § 216 (b). This is also a civil action pursuant to 28 U.S.C § 2201 against Defendants, whereby Plaintiff seeks a Declaratory Judgment as Defendant have placed in doubt Plaintiff's right to receive overtime wages; Preliminary and Permanent Injunctive Relief enjoining Defendants and other conspirators, agents, servants and

employees and those acting in active concert and with actual notice thereof, form engaging in further violations of the Fair Labor Standards Act.

9. Jurisdiction is conferred on this Court by 28 U.S.C § 1337 and by 29 U.S.C § 216 (b).

10. At all times material to this Complaint, Defendant had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

11. Based upon information and belief, the annual gross sales volume of Defendant was in excess of $500,000.00 per annum at all times material hereto.

12. At all times pertinent to this Complaint, Defendants were enterprises engaged in interstate commerce or in the production of goods for commerce as defined in the Act, 29 U.S.C §§ 203 (c) and 203 (s).

13. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked in excess of forty (40) hours during one or more work weeks on or after December, 2014 thru May 2016 and did not receive time and a half of their regular rate of pay for all of the hours they worked over forty (40) in one or more work weeks.

14. At all relevant times, Defendant employed Plaintiff as a laborer/flight operations. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during his employment with Defendants without proper paid overtime compensation.

15. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

16. However, Defendants did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

17. The records, if any, concerning the hours worked by Plaintiff, and compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

18. Plaintiff has retained the undersigned counsel to represent his interests in this action, and pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

19. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

20. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

21. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

22. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

23. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

24. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, and those similarly situated to her who have or will opt into this action, requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue and Order holding Defendants to be an "employer" as that term is defined under the FLSA;

(d) Enter judgment, jointly and severally, against Defendant for the payment of all overtime hours at one and one-half their regular rate of pay, and liquidated damages equaling 100% of overtime due Plaintiffs for the hours worked by them for which they have not been properly compensated in the three years preceding the filing of this Complaint, as required by the FLSA;

(e) Award each member of the class Plaintiff represents proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(f) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(g) Award each Plaintiff and each member of the class they represent their reasonable attorney's fees and costs;

(h) Grant a trial by jury as to all matters properly triable to a jury;

(i) Issue a judgment declaring that the provisions of the FLSA covered Plaintiffs and the class they represent and that Defendants have failed to comply with the requirements of the FLSA;

(j) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 18 of October, 2016.

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorney for Plaintiff
66 West Flagler Street, Suite #601
Miami, FL 33130
Telephone (305) 529-1040
Email: richard@caldwell.legal
Yadira@caldwell.legal and caldwelllaw@bellsouth.net

By: _____
Richard J. Caldwell
Florida Bar No. 825654

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

HUGO MALTEZ,

      Plaintiff,

vs.                      CASE NO.: 2016-026974-CA-01

SKY LEASE I, a Florida corporation,

      Defendant.
_____/

## PLAINTIFF HUGO MALTEZ'S FIRST REQUEST FOR PRODUCTION

The Plaintiff, **HUGO MALTEZ**, by and through the undersigned counsel pursuant to Florida Rules of Civil Procedure hereby requests the Defendant, **SKY LEASE I**, to produce within Thirty Five (35) Days after the service of this request for examination inspection, and copying by the undersigned, including but not limited to the following:

### DEFINITIONS

The following Instructions and Definitions shall apply herein:

A.      "Person" means individual, partnership, firm, association, corporation, or other government, legal or business entity.

B.      "Documents" means any written or recorded or graphic matter however produced or reproduced of every kind and regardless of where located, including but not limited to, any summary, schedule, memorandum, note, statement, letter, telegram, inter-office communication, report, diary, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical worksheet, list, graph, chart, index, tape, record, partial or complete report of telephone or oral conversation, tabulation, study, analysis, transcript, minutes, data sheet, day processing card or tape, and all other memorials of any conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording which is in the possession, custody or the control of the Defendants or in the possession, custody, or control, of an agent of Defendant or attorneys of the

1

## DOCUMENTS TO BE PRODUCED

1. Copy of any policy of insurance obtained by the Defendants for the calendar year(s) 2014-2016 and/or applicable to this claim.

2. All copies of poster and or notices for calendar year 2014, 2015, and 2016 regarding Federal law.

3. All memorandum or writings, including electronic mail, authored by Defendant, **SKY LEASE I**, employer agent for assigns, regarding any or the Plaintiff's alleged misconduct at any time during his employment

4. All memorandum, including electronic mail, authored by employees of **SKY LEASE I**, regarding the payment of end years fo the Plaintiff.

5. All correspondence, including electronic mail, between Defendant and its employees and Plaintiff.

6. All documents from other employees or the U.S. Department of Labor, noticing Defendant, **SKY LEASE I**, of other claims against the Defendant for violation of labor laws, for the 3 years preceding the Plaintiff's termination.

7. All documents from other employees or the U.S. Department of Labor, noticing Defendant, **SKY LEASE I**, of other claims against the Defendant for violation of any other statute for the 3 years preceding the Plaintiff's complaint.

8. All correspondence between the Defendant, **SKY LEASE I**, its agents and assigns, and third parties, (third parties do not include Defendant, **SKY LEASE I**, attorneys), regarding the Plaintiff for the last year.

9. All copies of pay stubs or payment records regarding salary or wages paid to Plaintiff in the last 2 years.

10. All documents demonstrating other employee wage claims against Defendant, **SKY LEASE I**.

11. All written requests for any work related accommodation and reply to, or from, the Plaintiff.

12. Any employee comparison that describes depicts or provides descriptions of employees by job descriptions for 2014 to 2016.

13. All written reprimands, warnings, or evaluations for the Plaintiff.

14. All documents which demonstrate overtime wages received or paid to Plaintiff during his employment, or would support Defendant's Defense.
15. All documents that any claim by Defendant or that would tend to show Defendant attempted compliance with minimum wage statute including keeping track of Plaintiff's hours and his actual wages paid.
16. All documents that support any defense that any violation by Defendant, SKY LEASE I, was not willful.
17. All documents that demonstrate Defendant's investigation of FSLA regulations, and that they were in compliance with U.S. Department of Labor guidance as alleged in any of the Defenses.
18. Records Defendant contends that demonstrate the Plaintiff's false reporting of any hours in defense of this action.
19. Any recordings, tapes, videos of the Plaintiff.
20. Plaintiff's entire personal file.
21. All records that demonstrate the Plaintiff notified the Defendant of statutory violations.
22. All records that demonstrate the any other person notified the Defendant of statutory violations.

Respectfully submitted this 10 of October, 2016.

LAW OFFICES OF RICHARD J. CALDWELL, P.A.
Attorneys for Plaintiff
66 West Flagler Street, Suite #601
Miami, FL 33130
Telephone (305) 529-1040
Email: richard@caldwell.legal
Yadira@caldwell.legal

By: _____
Richard J. Caldwell
Florida Bar No. 825654

5