UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  16-25091-CIV-SCOLA

HUGO MALTEZ,

    Plaintiff,

v.

SKY LEASE I INC,

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Sky Lease I Inc. (hereinafter "Defendant"), pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby files and serves upon Plaintiff HUGO MALTEZ ("Plaintiff") its Answer and Defenses to Plaintiff's Complaint and states as follows:

1.    Defendant admits that this purports to be an action to recover damages in excess of $15,000, and that this Court has jurisdiction over this matter, but denies the remaining allegations in paragraph one of the Complaint, and further denies that Plaintiff is entitled to any relief.

2.    Defendant is without knowledge regarding the allegations in paragraph two of the Complaint and therefore denies same.

3.    Defendant admits that it conducts business in Miami-Dade County and that this Court has jurisdiction over Plaintiff's claims.  Defendant denies the remaining allegations in paragraph three of the Complaint.

## **COUNT I – WAGES PURSUANT TO FLORIDA STATUTE 448.08**

Defendant incorporates herein and realleges its answer and defenses to paragraphs 1 through 3 of the Complaint.

4. Defendant admits that it employed Plaintiff from December 2014 to April 2016. Defendant denies the remaining allegation in paragraph four of the Complaint.

5. Denied.

6. Denied.

7. Denied.

Answering Plaintiff's prayer for relief following Count I of the Complaint, Defendant denies that Plaintiff is entitled to any legal, equitable, or other relief.

## **COUNT II – RECOVERY OF OVERTIME COMPENSATION**

Defendant incorporates herein and realleges its answer and defenses to paragraphs 1 through 3 of the Complaint.

8. Defendant admits that this purports to be an action to recover damages under the Fair Labor Standards Act (FLSA), and for declaratory judgment and injunctive relief, but denies the remaining allegations of paragraph one and further denies that Plaintiff is entitled to any relief under these laws.

9. Defendant admits that the Court has jurisdiction over Plaintiff's claims, but denies the remaining allegations in paragraph nine of the Complaint.

10. Admitted.

11. Admitted.

12. The allegations in paragraph 12 of the Complaint call for a legal conclusion and do not require a response from Defendant.

13. Denied.

14. Denied.

15. Denied.

16. Defendant denies that it did not properly compensate Plaintiff and other similarly situated employees.

17. Defendant admits it has records regarding Plaintiff, but denies that there are any similarly situated employees.

18. Denied.

19. Denied.

20. Defendant denies that it did not properly compensate Plaintiff and other similarly situated employees.

21. Denied.

22. Denied.

23. Denied.

24. Defendant admits that Plaintiff demands a jury trial, but denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims should be dismissed in whole or in part to the extent they fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent they involve transactions or events or seek damages for periods of time outside the applicable statutory limitations period.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within the exemption provided for in 29 U.S.C. § 213(b)(3).

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent any relief is sought beyond the two-year limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, apply to his claims.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex.*

### SEVENTH DEFENSE

Plaintiff's claims are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

### EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written

administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

Date:   December 14, 2016                    Respectfully submitted,

                                             By:    s/Candice C. Pinares-Baez
                                                    Steven A. Siegel
                                                      Fla. Bar No. 497274
                                                      ssiegel@fisherphillips.com
                                                      Candice Pinares-Baez
                                                      Fla. Bar No. 30545
                                                      cpinares-baez@fisherphillips.com
                                                      Fisher & Phillips LLP
                                                      450 East Las Olas Boulevard
                                                      Suite 800
                                                      Fort Lauderdale, Florida 33301
                                                      Telephone (954) 525-4800
                                                      Facsimile (954) 525-8739

                                                      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **December 14, 2016**, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Richard J. Caldwell, Esquire
        Law Offices of Richard J. Caldwell, P.A.
        66 West Flagler Street
        Suite 601
        Miami, Florida 33130
        richard@caldwell.legal
        yadira@caldwell.legal
        caldwelllaw@bellsouth.net

By:    s/Candice C. Pinares-Baez
     Steven A. Siegel
     Fla. Bar No. 497274
     ssiegel@fisherphillips.com
     Candice Pinares-Baez
     Fla. Bar No. 30545
     cpinares-baez@fisherphillips.com
     Fisher & Phillips LLP
     450 East Las Olas Boulevard
     Suite 800
     Fort Lauderdale, Florida 33301
     Telephone (954) 525-4800
     Facsimile (954) 525-8739

*Attorneys for Defendant*

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**HUGO MALTEZ v. SKY LEASE I INC.**
**CASE NO: 16-25091-CIV-SCOLA**

| | |
|---|---|
| Richard J. Caldwell, Esquire<br>Law Offices of Richard J. Caldwell, P.A.<br>66 West Flagler Street<br>Suite 601<br>Miami, Florida 33130<br>richard@caldwell.legal<br>yadira@caldwell.legal<br>caldwelllaw@bellsouth.net<br><br>*Attorney for Plaintiff* | Steven A. Siegel<br>ssiegel@fisherphillips.com<br>Candice C. Pinares-Baez<br>cpinares-baez@fisherphillips.com<br>FISHER & PHILLIPS, LLP<br>450 East Las Olas Boulevard, Suite 800<br>Fort Lauderdale, Florida 33301<br>Telephone (954) 525-4800<br>Facsimile (954) 525-8739<br><br>*Attorneys for Defendant* |