## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between (a) **Hugo Maltez,** individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Maltez") and (b) **Sky Lease I, Inc.** together with its predecessors, successors, affiliates, subsidiaries, parent companies, partners, shareholders, current and past directors, employees, insurers, agents, business partners, including any professional employer organizations, legal representatives and any other related entities, including, but not limited to, Centurion Air Cargo, Inc., Lynx Global Corp., all Centurion entities, all Sky Lease entities and any person or entity who Maltez may allege jointly employed him (hereinafter collectively referred to as "Sky Lease").

1. **Purpose:** The purpose of this Agreement is to conclusively resolve and settle **all** claims of any type that Maltez has or could have against Sky Lease including, but not limited to, any claims for relief that were made or could have been made by Maltez in the matter of *Hugo Maltez v. Sky Lease I, Inc.*, Case No. 16-25091, pending before the United States District Court for the Southern District of Florida (hereafter the "Lawsuit"). It is a further and equal purpose of this Agreement to resolve **any and all** disputes, controversies, or claims, that Maltez may have against Sky Lease, which arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law, except as expressly set forth herein.

2. **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Maltez has not relied on any representation, compromise, conduct or action made by or on behalf of Sky Lease or Sky Lease's attorneys. Maltez acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. Maltez and Sky Lease confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3. **No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Sky Lease expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration:** The consideration given by Sky Lease to Maltez under this Agreement consists of payment to Maltez of Twenty Four Thousand Five Hundred dollars and zero cents ($24,500.00) to be distributed as follows:

    (a)   Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00), minus all applicable withholdings, payable to Maltez;



EXHIBIT 1

(b) Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00), payable to Maltez;

(c) Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), payable to The Law Office of Richard J. Caldwell, P.A. for attorneys' fees and costs;

Each of the above-referenced payments shall be split in half and made in two equal installments. The first payments shall be delivered to The Law Office of Richard J. Caldwell, P.A. within three (3) business days of the earliest event of either the order approval of settlement or after Sky Lease is in receipt of completed W-9's from Maltez and The Law Office of Richard J. Caldwell, P.A. and an Order of Dismissal with Prejudice is entered in the Lawsuit. The final payments shall be delivered to The Law Office of Richard J. Caldwell, P.A. within thirty (30) days of the due date of the first payments. The consideration given by Maltez to Sky Lease in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material.

5. **Court Approval of Agreement and Dismissal of Lawsuit With Prejudice:** Concurrently with the execution of this Agreement, Maltez shall file a joint motion for approval of this settlement and dismissal with prejudice of the Lawsuit. Maltez shall thereafter, as quickly as practicable, obtain prejudicial dismissal of all claims against Sky Lease, with the parties bearing their respective costs and expenses, including attorney's fees. Maltez agrees not to reargue, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever, nor shall any other court actions or other legal proceedings of any type be filed that are connected in any fashion to the employment of Maltez with Sky Lease or Maltez's separation from that employment, or for any personal injuries sustained in the course of such employment, or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the effective date of this Agreement.

6. **Release of Claims:** For and in consideration of the required acts and promises set forth in the text of this Agreement, Maltez hereby knowingly and voluntarily releases and discharges Sky Lease from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Maltez has or might have as a result of, or in any way connected with his employment or separation of employment with Sky Lease, including but not limited to claims under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, as amended, 42 U.S.C. § 1981, the Florida Whistleblower Act, Florida Statutes Section 440.205, any and all claims for breach of contract, breach of the covenant of good faith and fair dealing; infliction of emotional distress; wrongful discharge; violation of public policy; defamation; libel; slander; invasion of privacy; negligent retention; negligent supervision; fraud; personal injury; battery; or any other tort; claims for unpaid wages; workers' compensation retaliation claims; any

and all common law claims; and all losses of any kind whatsoever, which Maltez has or might have by virtue of any facts, acts or events occurring prior to the effective date of this Agreement.

7. **No Pending Charges:** Maltez agrees: (A) that any claims Maltez has or might have pertaining to Sky Lease's employment practices arising under any municipal, state, or federal law are completely settled; and (B) that there are no pending complaints, charges, claims, or causes of action that have been filed against Sky Lease with any municipal, state, or federal government agency or court. While Maltez understands that the law permits, and that he is not foreclosed from filing an agency charge, should any such charge or action be filed by Maltez or on Maltez's behalf involving matters covered by this Agreement, Maltez agrees to promptly give the agency or Court having jurisdiction a copy of this Agreement and inform them that any individual claims Maltez might otherwise have had have been settled. Maltez waives his right to recover monetary damages in any action which may be brought on his behalf by any person or entity, including, but not limited to, any governmental department or agency such as the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Relations or the U.S. Department of Labor

8. **No Re-Employment:** Maltez expressly waives and disclaims any right to reinstatement or reemployment with Sky Lease, and agrees never to seek employment with Sky Lease at any time in the future. Maltez agrees and acknowledges that his signature on this Agreement is grounds for immediate rejection of any application for employment submitted by him or termination by Sky Lease should he become employed by any means.

9. **Acknowledgment of Receipt of All Payment Owed:** Maltez agrees and acknowledges that he has received all salary, wages, overtime payments, liquidated damages, and employee benefits to which he was and/or is entitled as a result of his employment with Sky Lease.

10. **Attorneys' Fees:** The parties agree that in case there is litigation to enforce terms of this agreement the prevailing party will be entitled to attorney's fees and costs.

11. **Confidentiality:** Maltez agrees not to communicate the existence, terms, conditions, or contents of this Agreement to any person or entity in any manner, whether directly or indirectly, without express written consent from Sky Lease authorizing the particular disclosure requested, except that Maltez may communicate the terms of this Agreement to his financial advisors, spouse, and legal counsel, all of whom shall be advised by Maltez before such disclosure that the terms of the Agreement shall not be disclosed by them to any person, unless required by law. Any unauthorized disclosure by such persons shall be deemed a breach of this Agreement by Maltez. This provision shall not, however, prohibit Maltez from disclosing the terms and conditions of this Agreement if (a) required to do so by court order, provided that any court-ordered disclosure shall only be made to the extent ordered, and only after notice has been given in writing by Maltez to Sky Lease in order to allow Sky Lease reasonable and sufficient time to obtain an appropriate protective order preventing or restricting such disclosure; (b) as may be necessary to accomplish the filing of income tax returns or to fulfill any other legal obligations to the Internal Revenue Service or other federal or state taxing authorities; or (c) as may be necessary to enforce the terms of this Agreement.

**12. Non-Disparagement:** Maltez agrees that he will not in any way, directly or indirectly, disparage, defame, libel, slander, place in a negative light, or in any other way harm or attempt to harm the reputation, goodwill or commercial interest of Sky Lease to any persons, including but not limited to current or former employees, customers, or members of the media (which includes, but is not limited to, any representatives of any newspapers, television station, radio station, magazines, or other publication), or on any social media sites or other websites or blogs, and any other print or electronic media. If Maltez breaches this non-disparagement provision, Sky Lease shall be entitled to recover from Maltez all amounts paid to him by Sky Lease under this Agreement and cease any further payments.

**13. No Changes to Agreement:** No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

**14. Severability:** If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

**15. Effect of Waiver:** The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

**16. Tax Indemnity:** Sky Lease makes no representations regarding the taxability of any payments made under this Agreement. Maltez agrees that, should any taxing authority assess any taxes, penalties or interest against either Maltez or Sky Lease as a result of the settlement payments, Maltez will be solely responsible for the taxes, penalties, or interest, if any, which may be owed to any governmental agency as a result of the settlement payments, and Maltez agrees that he will indemnify, defend, and hold harmless Sky Lease for any such taxes, penalties, or interest.

**17. Waiver of Jury Trial; Venue; Governing Law:** The exclusive venue for any claim shall be the state or federal courts of Miami-Dade County, Florida, as appropriate. The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

DATE: 4/13/17                     Signature: _____
                                              **Hugo Maltez**

DATE: _____      Signature: _____
                                  By: _____
                                  **On behalf of Sky Lease I, Inc.**